| | | |
|---|---|---|
| Case No. | 2:19-cv-06157-RGK-SK | Date August 02, 2019 |
| Title | *Ramon Olvera v. Quest Diagnostics* | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Civil Action to Superior Court

    On July 17, 2019, Defendant Unilab Corporation dba Quest Diagnostics ("Quest")[1] removed this action from the Los Angeles Superior Court to the United States District Court, Central District of California on the basis of diversity of citizenship.

    Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

    Quest states that removal is proper based on diversity jurisdiction. The Court disagrees. Based on the face of the First Amended Complaint, it is not clear that the Defendants Pablo Bartelli and Nicole Simmet (collectively, "Other Named Defendants") are fraudulently joined for the purposes of jurisdiction. Furthermore, in its Notice of Removal, Quest does not raise the issue of joinder nor establish complete diversity exists between Plaintiff and the Other Named Defendants. Because the Other Named Defendants are allegedly employed at Plaintiff's worksite, the Court reasonably infers that they are California citizens, thus their presence in this action defeats complete diversity.

---

[1] Unilab Corporation dba Quest Diagnostics was incorrectly identified in Plaintiff's First Amended Complaint as "Quest Diagnostics." (First Amended Compl. ¶ 7, ECF No. 1–1.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06157-RGK-SK | Date | August 02, 2019 |
|---|---|---|---|
| Title | *Ramon Olvera v. Quest Diagnostics* | | |

Accordingly, Quest has not satisfied its burden of showing by a preponderance of the evidence that the complete diversity of citizenship requirement has been met.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                                        : _____

Initials of Preparer