UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06157-RGK-(SK) | Date | December 2, 2019 |
|---|---|---|---|
| Title | *Ramon Olvera v. Quest Diagnostics* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 16)

## I.    INTRODUCTION

On July 25, 2018, Ramon Olvera ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Quest Diagnostics, ("Defendant") Pablo Bartelli ("Bartelli"), and Nicole Simmet ("Simmet"). On May 24, 2019 Plaintiff filed a First Amended Complaint ("FAC") alleging the following claims: (1) age discrimination (Cal. Gov. Code § 12941); (2) harassment (Cal. Gov't Code § 12940 *et seq.*); (3) disability discrimination (Cal. Gov't Code § 12940 (a) and (m)); (4) failure to provide reasonable accommodation (Cal. Gov. Code § 12940(m)); (5) failure to engage in the interactive process to accommodate disability (Gov. Code § 12940(n)); (6) failure to prevent/remedy discrimination and retaliation (Gov. Code § 12940(k)); (7) breach of the covenant of good faith and fair dealing; (8) breach of implied-in-fact contract not to terminate without good cause; (9) wrongful termination in violation of public policy; and (10) defamation.

On July 17, 2019, Defendants filed a notice of removal from state court, and on August 2, 2019 this Court remanded the case because Bartelli and Simmet destroyed complete diversity. On October 3, 2019, this Court granted Defendants' Motion for Reconsideration on the basis that Plaintiff's claims against Bartelli and Simmett had been dismissed by the state court.

Presently, before the court is Plaintiff's Motion to Remand. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

## II.    FACTUAL BACKGROUND

Plaintiff's FAC alleges the following:

Defendant provides diagnostic testing and medical services to patients and doctors. Plaintiff is a forty-eight-year-old man who worked for Defendant as a blood sample delivery driver for sixteen years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06157-RGK-(SK) | Date | December 2, 2019 |
|---|---|---|---|
| Title | *Ramon Olvera v. Quest Diagnostics* | | |

Bartelli and Simmet were Plaintiff's supervisors. In the months leading up to Plaintiff's termination in 2017, both began harassing him. Bartelli, for instance, told Plaintiff that he was going to "clean up" the workplace in order to save the company funds, alluding to the termination of older employees, including Plaintiff. During that same period several other older employees were terminated. Plaintiff's supervisors falsely accused Plaintiff of misconduct and knowingly recorded written warnings based on false information and speculation. For example, without investigating or consulting witnesses, Simmet accused Plaintiff of misplacing a biopsy specimen. The specimen was later found, which exculpated Plaintiff, but Simmet continued to blamed him nonetheless. Bartelli and Simmet recorded these fictious claims in order to show cause for Plaintiff's eventual termination.

Despite ongoing harassment, Plaintiff continued to competently perform in his position, as he had previously. From 2004 to 2016, Plaintiff's reviews uniformly indicated that he "achieved expectation." It was not until 2017, when Simmet became his supervisor, that Plaintiff received a "needed development," on his review.

On August 18, 2017, Plaintiff suffered injuries when his car was rear ended by another vehicle while on the job. As a result, Plaintiff filed a workers' compensation claim and was placed on light duty filing route sheets in Defendants' Van Nuys office. However, on August 25, 2017, three days into Plaintiff's new assignment, Plaintiff was terminated without any specific justification.

## III.   JUDICIAL STANDARD

A defendant may remove a case to federal court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. §§ 1331 and 1332, there are two bases for federal subject matter jurisdiction. Section 1331 provides federal courts with jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." Section 1332 provides federal courts with jurisdiction over actions that arise between citizens of different states where the amount in controversy exceeds $75,000.

In removal cases where the amount in controversy is in doubt, there is a strong presumption that the plaintiff has not claimed an amount in excess of $75,000 in order to confer jurisdiction on a federal court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the amount in controversy is unclear or ambiguous from the face of the complaint, the defendant must provide facts to establish jurisdiction by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Along with the complaint, [the court] consider[s] allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transportation Company of Arizona, LLC.*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

## IV.   DISCUSSION

Plaintiff argues that the case must be remanded because his claims do not meet the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06157-RGK-(SK) | Date | December 2, 2019 |
|---|---|---|---|
| Title | ***Ramon Olvera v. Quest Diagnostics*** | | |

controversy necessary for diversity jurisdiction. Defendant contends that removal was proper because an actual award of back pay, front pay, emotional distress, punitive damages, and attorneys' fees will exceed the jurisdictional limit. The Court agrees with Defendant and finds that the amount in controversy has been satisfied.

A plaintiff alleging a violation of the Fair Employment and Housing Act ("FEHA") may seek both back pay and front pay. *Andrade v. Arby's Rest. Grp., Inc.*, 225 F.Supp.3d 1115, 1139–40 (N.D. Cal. 2016). For purposes of determining the amount in controversy, courts have considered back pay as the wages lost from the date of termination to the time of removal, and front pay as the wages lost from the date of removal until trial. *See Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002). If a trial date has not been set, courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay. *Reyes v. Staples Office Superstore, LLC*, No. 19-CV-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (citing *Fisher v. HNTB Corporation*, No. 2:18-CV-08173-AB-MRW, WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018)).

Plaintiff was making $34,236.80 annually when he was terminated on August 22, 2017.[1] Approximately twenty-three months later, on July 17, 2019, the case was removed to this Court. Therefore, Plaintiff's back pay amounts to $65,620.53 ($34,236.80 / 12 * 23). Given that this amount alone nearly meets the jurisdictional requirement, Plaintiff's future lost wages will almost certainly make up the difference by themselves. Indeed, the only way the amount in controversy would not be met on that basis alone would be if trial started within the next four months, which is highly unlikely. Accordingly, Plaintiff's compensatory damages in themselves satisfy the amount in controversy.

Plaintiff argues that the above amount should be reduced because he mitigated the lost wages by finding comparable work. The Court disagrees. The amount in controversy is not the same as the amount ultimately recovered. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 663 (9th Cir. 2004); *American Guaranty Co. v. Caldwell,* 72 F.2d 209, 211 (9th Cir.1934) ("It is the amount in controversy which determines jurisdiction, not the amount of the award."); *Schiller v. David's Bridal, Inc.,* No. 1:10-CV-00616-AWI-SKO, 2010 WL 2793650, at *8 (E.D. Cal. July 14, 2010) ("[T]he question is not how much [p]laintiff . . . will ultimately recover; the amount in controversy is calculated based upon the amount put into controversy by the complaint.") (internal citation omitted). "As a result, affirmative defenses, counterclaims, and potential offsets may not be considered as part of the amount in controversy." *Garcia v. ACE Cash Express, Inc.*, No. 14-CV-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). This rule is grounded in practicality, as otherwise, "jurisdictional determinations would . . .

---

[1] Both parties agree Plaintiff was making approximately $16.00 an hour, but disagree as to the cents. Defendant states Plaintiff was making $16.59, while Plaintiff alleges he was making $16.46. Since Defendant fails to meet their burden as they provide only a declaration without further evidence, the Court will adopt Plaintiff's contention. Thus, the Court finds that Plaintiff made $34,236.80 annually ($16.46 * 2080 hours).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-06157-RGK-(SK) | Date | December 2, 2019 |
|---|---|---|---|
| Title | *Ramon Olvera v. Quest Diagnostics* | | |

have to await the outcome of trial on the merits in which counterclaims, set-offs, etc. may or may not be raised and, even if raised, may ultimately be demonstrated to be invalid." *Larsen v. Hoffman,* 444 F.Supp. 245 (D.D.C. 1977); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010).

Here, Plaintiff's subsequent employment is a "potential offset" and is therefore inapplicable to the amount in controversy. *See Garcia*, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (declining to reduce amount in controversy based on plaintiff's attempted mitigation); *Garfias v. Team Industrial Services, Inc.*, No. LA 17-CV-04282 JAK (AGRx), 2017 WL 4512444 *4 (C.D. Cal. Oct. 10, 2017) (same). Accordingly, Plaintiff's argument that Defendant mitigated his damages by finding comparable employment is unavailing.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | vrv | |